# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* C.G.

No. 19-0160 (Logan County 18-JA-11-B)

FILED

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.N., by counsel Dwayne J. Adkins, appeals the Circuit Court of Logan County's January 15, 2019, order terminating her parental rights to C.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Rebecca Mick, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the DHHR made reasonable efforts to preserve the family and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed a child abuse and neglect petition against petitioner and the father. According to the petition, petitioner tested positive for drugs throughout her pregnancy and, upon giving birth to the child, tested positive for non-prescribed Neurontin. The child was reported to be experiencing withdrawal symptoms. Family of the parents indicated that petitioner had a substantial substance abuse problem and "will do any type of drugs that [she] can get [her] hands on and also use[s] needles." Family members also reported that petitioner did not have appropriate housing for the child. The DHHR further alleged that petitioner had previously had her parental rights to an older child involuntarily terminated in 2015. Petitioner waived her preliminary hearing.

Petitioner stipulated to having a substance abuse addiction that impaired her ability to properly parent the child and requested a post-adjudicatory improvement period in March of 2018.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her request for a post-adjudicatory improvement period. As part of the terms and conditions of her improvement period, petitioner was ordered to (1) enter a detoxification program, (2) develop a plan to maintain sobriety which may include out-patient treatment or short-term residential treatment, (3) submit to drug screens, (4) participate in in-home services such as parenting and adult life skills classes, (5) maintain contact with her counsel and the DHHR on a weekly basis, (6) use reasonable efforts to obtain a valid driver's license and a GED, and (7) submit to a psychological evaluation and comply with the recommendations of the report.

At a review hearing held in June of 2018, the circuit court was advised that petitioner was not successfully complying with the terms and conditions of her improvement period and, due to her noncompliance, had not consistently visited with the child. As of a second status hearing held in August of 2018, petitioner continued to be noncompliant with her improvement period. The circuit court held a final status hearing in September of 2018. Testimony established that petitioner failed to comply with the terms and conditions of her improvement period. Accordingly, the circuit court terminated petitioner's improvement period and scheduled the dispositional hearing.

In October of 2018, the circuit court held a dispositional hearing wherein petitioner's counsel requested a continuance, stating that petitioner's homelessness had prevented him from making contact with her until recently and that he desired more time to prepare for the dispositional hearing. The circuit court granted the continuance and rescheduled the hearing. After another continuance, the final dispositional hearing was held in January of 2019. Petitioner failed to attend but was represented by counsel. Petitioner's counsel requested a continuance, which the circuit court denied. The DHHR presented the testimony of a Child Protective Services ("CPS") worker, who reported that petitioner had not complied with her post-adjudicatory improvement period. Specifically, the worker testified that, although petitioner initially participated in a Suboxone program, she subsequently ceased treatment. She then entered a detoxification program in July of 2018, but left against medical advice after only a few days. According to the worker, petitioner became angry at the program staff for waking her up to attend group therapy and stated that she "had already lost one kid and did not care to lose another one." Thereafter, petitioner reported that she was going to enter another rehabilitation program, but did not follow through. Further, petitioner initially complied with submitting to drug screens and pill counts, but eventually ceased participating. While petitioner did submit to some screens in August of 2018, she tested positive for controlled substances. Petitioner also failed to complete her parenting and adult life skills classes, maintain suitable housing, gain employment, or visit the child.

After hearing evidence, the circuit court found that, despite the DHHR having made reasonable efforts to reunify the family, petitioner failed to take advantage of the services provided. Based upon petitioner's noncompliance throughout the entirety of the proceedings, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of neglect in the near future and that termination of her parental rights was in the child's best interest. It is from the January 15, 2019, dispositional order terminating her parental rights that petitioner appeals.[2]

---

[2]The father's parental rights were also terminated below. The child was placed in a foster home with a permanency plan of adoption therein.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in finding that the DHHR made reasonable efforts to preserve the family. According to petitioner, the DHHR admitted that there was confusion regarding petitioner's drug screens, the guardian added terms to the improvement period that were difficult to achieve due to petitioner's financial situation,[3] and the DHHR ceased supervised visitation between petitioner and the child. As such, petitioner avers that the DHHR made many demands of her without providing sufficient assistance in meeting the goals of the improvement period. We find no merit to petitioner's argument.

We first note that pursuant to West Virginia Code § 49-4-604(b)(7)(C), for purposes of the circuit court's consideration of the disposition of a child, the DHHR is not required to make reasonable efforts to preserve the family when "[t]he parental rights of the parent to another child have been terminated involuntarily." Here, petitioner's parental rights to an older child were involuntarily terminated in 2015 and, as such, the DHHR was not required to make reasonable efforts in this situation. Nevertheless, the record establishes that the DHHR did, in fact, make reasonable efforts. The DHHR provided petitioner with several services throughout her improvement period including random drug screens, assistance in entering a treatment program, parenting and adult life skills classes, assistance with transportation, a psychological evaluation, and supervised visitation. While petitioner alleges that there was "confusion" regarding her drug screens, the record demonstrates that petitioner failed to consistently submit to drug screens and ceased submitting to screens entirely after August of 2018. Petitioner ceased submitting to these screens regularly even after the circuit court took time to clarify petitioner's responsibilities on the record given her claimed confusion. Moreover, although petitioner claims that complying with the

---

[3]In fact, the guardian did not add terms to petitioner's improvement period after it had commenced. Rather, the guardian and other parties to the case recommended terms and conditions for petitioner's improvement period at its commencement. For reasons set forth more fully herein, we find that the guardian did not request any unduly burdensome terms as petitioner suggests.

3

requirements of obtaining a driver's license and a GED was burdensome given her financial situation, the record is clear that the DHHR was willing to assist petitioner with the same. In fact, the DHHR provided petitioner with transportation assistance in order to achieve these goals, but she did not take advantage of this assistance. Additionally, while petitioner avers that the DHHR did not make reasonable efforts to reunify her family because it ceased her supervised visits with the child, we note that it was petitioner's failure to submit to drug screens, or to provide negative screens when she did submit to screens, that prevented her from visiting the child. Accordingly, we find no error in the circuit court's findings that the DHHR made reasonable efforts in this case.

Petitioner next argues that the circuit court erred in terminating her parental rights upon erroneous findings. First, petitioner argues that the circuit court erred in finding that she failed to address the circumstances of abuse. According to petitioner, the circuit court failed to adequately consider her "positive actions" such as attending a Suboxone clinic, entering inpatient treatment, submitting to drug screens, attending multidisciplinary team ("MDT") meetings, and expressing a desire for more treatment. Petitioner contends that these actions demonstrate that she was addressing the conditions of abuse. Second, petitioner argues that the circuit court erred in finding that termination of her parental rights was in the child's best interests. Petitioner avers that she took many steps to address the conditions of abuse and insists that the child's best interests would be served by allowing her to "get additional assistance in housing, income and transportation so that she could better meet the goals established for her." We disagree.

Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Contrary to petitioner's argument, she did not respond to or follow through with the rehabilitative efforts afforded her and, as such, failed to address the circumstances of abuse. While it is true that petitioner initially attended a Suboxone program and entered inpatient treatment, she completed neither program. In fact, petitioner left inpatient treatment after only a few days simply because she became angry at having been awoken to attend group therapy. Despite petitioner's claims that she desired more treatment, she took no steps to enter another program. Additionally, petitioner failed to meaningfully participate in parenting and adult life skills classes, obtain employment and housing, maintain contact with her counsel and the DHHR, and consistently submit to drug screens. On the few occasions petitioner submitted to drug screens, she tested positive for drugs. Petitioner's failure to regularly submit to drug screens meant that she was prohibited from visiting with the child. We have previously held that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody

4

is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Accordingly, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future.

We likewise find no error in the circuit court's finding that termination was necessary for the child's welfare. As noted, petitioner was only permitted to visit with the child two or three times given her failure to adequately address her substance abuse. The guardian states that petitioner's lack of visits has directly resulted in the child's complete lack of a bond with petitioner. The child has a strong bond with her foster parents and is in need of permanency and stability. While petitioner argues that the child's best interests would have been served by giving her more assistance, we note that she was given several services including assistance with transportation, among other things. However, she failed to take advantage of those opportunities during the proceedings below. We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given petitioner's failure to address the conditions of abuse and neglect, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and/or neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Therefore, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 15, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison